# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **C.W.-1, C.W.-2, and N.W.**

**No. 17-0976** (Cabell County 16-JA-339, 340, and 341)

## MEMORANDUM DECISION

Petitioner Mother S.W., by counsel Richard L. Vital, appeals the Circuit Court of Cabell County's October 4, 2017, order terminating her parental rights to C.W.-1, C.W.-2, and N.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Allison Huson, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion in terminating her parental rights and in not continuing her improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2016, the DHHR filed a petition alleging that petitioner took illegal drugs within three hours of N.W.'s birth and used heroin throughout her pregnancy. The DHHR further alleged that petitioner and the father of the children abused substances and that their substance abuse impaired their ability to parent. Petitioner waived her preliminary hearing and was granted supervised visitation pending clean drug screenings.

At the adjudicatory hearing in February of 2017, petitioner did not appear but was represented by counsel. At the conclusion of testimony, the circuit court found that petitioner was an abusing parent as a consequence of her substance abuse. The circuit court further ordered that visitation would be discontinued until petitioner appeared in court. Thereafter, petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we refer to them as C.W.-1 and C.W.-2 throughout this memorandum decision.